**Opinion filed December 1, 2022**



### In The

# Eleventh Court of Appeals

_____

## No. 11-22-00297-CR

_____

## THOMAS ANTHONY GUTIERREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR53583**

### M E M O R A N D U M   O P I N I O N

The jury convicted Thomas Anthony Gutierrez, Appellant, of the offenses of assault family violence by strangulation (Count I), sexual assault of a child (Counts II, IV, V, and VI), and indecency with a child by contact (Counts III and VII), and it assessed Appellant's punishment at the maximum available for each offense. The trial court sentenced Appellant accordingly and ordered three of the life sentences to run consecutively to the other counts and to each other. Appellant subsequently filed a motion for new trial and a notice of appeal. Because Appellant did not timely file a notice of appeal, we must dismiss the appeal.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed or suspended in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this appeal indicate that Appellant's sentence was imposed on July 11, 2022, that Appellant timely filed a motion for new trial on August 9, 2022, and that Appellant's notice of appeal was filed with the clerk of the trial court on October 28, 2022—109 days after his sentence was imposed. The notice of appeal was therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Because the notice of appeal was not timely filed, we have no jurisdiction over this appeal and must dismiss it. *See Slaton*, 981 S.W.2d at 210.

When the appeal was docketed in this court, we notified Appellant that the notice of appeal appeared to be untimely, and we informed him that this appeal may be dismissed for want of jurisdiction. We requested that Appellant file a response showing grounds upon which this appeal could continue. Appellant has not filed a response.

We dismiss this appeal for want of jurisdiction.

December 1, 2022                                   PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.